ORISON v. THE SYRACUSE.[1]

*(District Court, E. D. New York. May 12, 1888.)*

COLLISION—VESSEL AT ANCHOR IN PROPER PLACE.

A tow-boat is liable for the damage resulting from a collision between the boats of her tow and a vessel at anchor in a proper place.

In Admiralty. Libel for damages.

On the night of October 16, 1886, the schooner Juliette Terry was lying at anchor in the North river, nearly opposite the foot of Thirty-Fourth street. The tow-boat Syracuse, with a tow of canal-boats and barges astern of her on a hawser, passed up outside of the schooner without touching her, but the tow came in collision with the schooner, carrying away her head-gear, and causing her to lose an anchor and chain. For such damage this suit was brought. The Syracuse claimed that the schooner was anchored in an improper place, and did not pay out her anchor chain, when hailed to do so, and that the tow was carried upon her by the force of the wind.

*Carpenter & Mosher*, for libelant.

*Owen & Gray*, for the Syracuse.

BENEDICT, J. This is an action to recover damages occasioned to the schooner Juliette Terry by being run into by the tow-boat Syracuse, in the North river. The schooner was at the time at anchor at a place where she had a right to be. The evidence fails to show fault on her part. The fault was of the Syracuse in omitting to avoid her. The libelant must have a decree for his damages and costs.